**CLAYEO C. ARNOLD, APC**
Clayeo C. Arnold, California SBN 65070
Joshua H. Watson, California SBN 238058
865 Howe Avenue
Sacramento, California 95825
916-777-7777 Telephone
916-924-1829 Facsimile
Email: carnold@justice4you.com
Email: jwatson@justice4you.com

*Attorneys for Plaintiff*

**MUNGER, TOLLES & OLSON LLP**
MIRIAM KIM (State Bar No. 238230)
miriam.kim@mto.com
ALLISON M. DAY (State Bar No. 308777)
allison.day@mto.com
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

*Attorneys for Defendant Intel Corporation*

[Additional counsel listed in signature block]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW EAST on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>    v.<br><br>INTEL CORPORATION,<br><br>        Defendant. | Case No.: 3:18-cv-01733-EMC<br><br>**STIPULATION AND [P~~ROPO~~SED] ORDER TO STAY CASE PENDING RESOLUTION OF MOTION FOR TRANSFER OF ACTIONS**<br><br>Complaint served: Mar. 27, 2018<br>Current response date: Apr. 17, 2018<br>New response date: 45 days after adjudication of consolidation motion filed in Case MDL No. 2828 |

3:18-cv-01733-EMC

WHEREAS Plaintiff ANDREW EAST filed his Complaint on March 20, 2018;

WHEREAS Defendant's response to the Complaint is due on April 17, 2018;

WHEREAS a Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings was filed on January 8, 2018, before the Judicial Panel on Multidistrict Litigation (Case MDL No. 2828) (the "MDL Motion") (attached to this stipulation as Exhibit 1);

WHEREAS the MDL Motion identifies five putative class action suits filed between January 3 and 8, 2018, which it contends are based on common issues of law and fact, and thirty-two additional putative class action suits relating to the same subject matter have been filed in multiple jurisdictions (a list of all putative class action suits that appear to be encompassed by the MDL Motion is attached hereto as Exhibit 2); and

WHEREAS in the interest of avoiding unnecessary burden upon the Court and the parties, the parties agree that the case should be stayed pending resolution of the MDL Motion.

NOW THEREFORE, ALL PARTIES, BY AND THROUGH THEIR COUNSEL, hereby stipulate, and respectfully request that:

The Court issue a stay of this action until resolution of the MDL Motion, and the deadline for Defendant to answer, move, or otherwise plead be moved to forty-five (45) days after the stay is lifted.

IT IS SO STIPULATED.

Dated: April 3, 2018

**CLAYEO C. ARNOLD, APC**

By: _/s/ Joshua H. Watson_____
Clayeo C. Arnold, California SBN 65070
Joshua H. Watson, California SBN 238058
865 Howe Avenue
Sacramento, California 95825
916-777-7777 Telephone
916-924-1829 Facsimile
Email: carnold@justice4you.com
Email: jwatson@justice4you.com

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John Yanchunis*
Patrick A. Barthle II*
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
jyanchunis@forthepeople.com
pbarthle@forthepeople.com

**LAW OFFICE OF JEAN SUTTON MARTIN PLLC**
Jean Sutton Martin*
2018 Eastwood Road, Suite 225
Wilmington, North Carolina
Telephone: (910) 292-6676
jean@jsmlawoffice.com

**JOHNSON FIRM**
Christopher Jennings*
2226 Cottondale Lane, Suite 210
Little Rock, AR 72202
Telephone: (501) 372-1300
Facsimile: (888) 505-0909
chris@yourattorney.com

*Attorneys for Plaintiffs*
* Pro hac vice forthcoming

**MUNGER, TOLLES & OLSON LLP**

By: _/s/ Allison M. Day_____
Miriam Kim (State Bar No. 238230)
Allison M. Day (State Bar No. 308777)
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

-2-                                3:18-cv-01733-EMC

1

2                            **WILLIAMS & CONNOLLY LLP**
                           Daniel F. Katz (*pro hac vice forthcoming*)

3                            dkatz@wc.com
                           David Kurtzer-Ellenbogen (*pro hac vice*

4                            *forthcoming*)
                           dkurtzer@wc.com

5                            725 Twelfth Street, N.W.
                           Washington, DC 20005

6                            Telephone: (202) 434-5000
                           Facsimile: (202) 434-5029

7                            *Attorneys for Defendant Intel Corporation*

8

9

10

11                           **[~~PROPOSED~~] ORDER**

12 PURSUANT TO STIPULATION, IT IS SO ORDERED. `CMC is set for 9/13/18 at 9:30`

13 Date _____     `4/4/18`                      `a.m.  A joint CMC statement shall`
                                         `be filed by 9/6/18.`

14                                       _____

15                                     United States District Judge

16

17

18                            **<u>FILER'S ATTESTATION</u>**

19      Pursuant to Civil Local Rule 5-1(i)(3), I certify that all other signatories listed, and on whose

20 behalf this filing is submitted, concur in this filing's content and have authorized this filing.

21 DATED:  April 3, 2018                  MUNGER, TOLLES & OLSON LLP

22

23                        By:    _____
                                    */s/ Allison M. Day*

24                                 ALLISON M. DAY

25

26

27

28

# EXHIBIT 1

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| **IN RE INTEL CORP. CPU** | ) | |
| **SALES PRACTICES AND** | ) | **MDL No.:** _____ |
| **PRODUCT LIABILITY LITIGATION** | ) | |

### PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS
### PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED
### OR CONSOLIDATED PRETRIAL PROCEEDINGS

Plaintiffs Stephen Garcia, Anthony Stachowiak, Richard Reis, and Zachary Finer[1] ("Movants") respectfully move the Judicial Panel on Multidistrict Litigation ("Panel"), pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Panel, to transfer the actions listed in the attached Schedule of Actions and subsequent tag-along actions to the United States District Court for the Northern District of California, for coordinated or consolidated pretrial proceedings.

Dated: January 8, 2018

Respectfully submitted,

/s/ *Adam J. Levitt*
_____
Adam J. Levitt
Amy E. Keller
**DiCELLO LEVITT & CASEY LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois 60602
(312) 214-7900
alevitt@dlcfirm.com
akeller@dlcfirm.com

/s/ *J. Gerard Stranch, IV*
_____
J. Gerard Stranch, IV
Benjamin A. Gasten
**BRANSTETTER, STRANCH &
JENNINGS, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

---

[1] Plaintiffs are the named plaintiffs in the first two cases filed in this matter in the United States District Court for the Northern District of California.

Jeffrey L. Fazio
Dina E. Micheletti
**FAZIO | MICHELETTI LLP**
2410 Camino Ramon, Suite 315
San Ramon, California  94583
(925) 543-2555
jlf@fazmiclaw.com
dem@fazmiclaw.com

Mark M. Abramowitz
**DiCELLO LEVITT & CASEY LLC**
7556 Mentor Avenue
Mentor, Ohio  44060
(440) 953-8888
mabramowitz@dlcfirm.com

W. Daniel "Dee" Miles, III
Leslie Pescia
**BEASLEY ALLEN CROW METHVIN**
   **PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, Alabama  36103
 (334) 269-2343
Dee.Miles@beasleyallen.com
Leslie.Pescia@beasleyallen.com

*Counsel for Richard Reis and
Zachary Finer*

William J. Doyle II
Chris W. Cantrell
**DOYLE APC**
550 West B Street, 4th Floor
San Diego, California  92101
(619) 736-0000
bill@doyleapc.com
chris@doyleapc.com

James R. Hail
**LAW OFFICE OF JAMES R. HAIL**
1113 Bow Willow Trail
Chula Vista, California  91915
(610) 213-2972
jim@haillawoffice.com

*Counsel for Plaintiffs Steven Garcia and
Anthony Stachowiak*

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE INTEL CORP. CPU )
SALES PRACTICES AND ) MDL No.: _____
PRODUCT LIABILITY LITIGATION )

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION
## FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR
## <u>COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS</u>

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs Stephen Garcia, Anthony Stachowiak, Richard Reis, and Zachary Finer[1] ("Movants") respectfully submit this brief in support of their Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings.

Movants seek transfer and assignment of all pending Actions[2] against Intel Corporation related to the security flaw identified in several cases filed nationwide as listed in the Schedule of Actions, as well as any subsequently-filed actions involving similar facts or claims, to the United States District Court for the Northern District of California. There are presently not less than five substantially-similar Actions, filed on behalf of plaintiffs and proposed nationwide and statewide classes in five different federal district courts alleging similar wrongful conduct by Intel. Movants are plaintiffs in the two first-filed cases in the United States District Court for the Northern District of California, the location of Intel's headquarters and principal place of business.

All Actions involve common questions of law and fact that arise from Intel Corporation's ("Intel") manufacture, distribution, and/or sales of computer processors ("Processors") using

---

[1] Plaintiffs are the named plaintiffs in the first two cases filed in this matter in the United States District Court for the Northern District of California.

[2] All defined terms have the definitions assigned to them in Plaintiffs' contemporaneously-filed transfer motion.

"speculative execution" technology and the security flaws contained within those Processors that have been given the names of "Spectre" and "Meltdown."

## I.     BACKGROUND

For at least the last ten years, Intel has marketed, distributed, and warranted Intel Processors throughout the United States as having a certain performance standard related to how quickly and how much data a Processor can process within a given time frame.

In the summer of 2017, a research team lead by Google's Project Zero discovered serious security flaws contained within most Processors manufactured by Intel over the last decade that could exploit the Processors' "speculative execution" technology to allow unauthorized access into a computer system's memory (the "Defect").[3]   On January 2, 2018, news spread across the tech industry that the "patch" or "fix" to correct the Defect will compromise a CPU's performance.[4] This is because the "speculative execution" technology is a shortcut developed allowing a CPU to operate at the speeds advertised and relied upon by purchasers of these Processors.[5]

According to researchers, there are two main methods to exploit the speculative execution security flaw and they have been given the names of "Meltdown" and "Spectre."[6]   Meltdown breaks down the isolation between a user application and an operating system, allowing access to memory, like passwords and other sensitive information, contained within an application.[7]

---

[3] Matt Linton and Pat Par, *Today's CPU Vulnerability: what you need to know*, Google Security Blog (Jan. 3, 2018), https://security.googleblog.com/2018/01/todays-cpu-vulnerability-what-you-need.html.

[4] John Leyden and Chris Williams, *Kernel-memory-leaking Intel Processor Design Flaw Forces Linux, Windows Redesign*, The Register (Jan. 2, 2018), https://www.theregister.co.uk/2018/01/02/intel_cpu_design_flaw/.

[5] *Id.*

[6] Andy Greenberg, *A Critical Intel Flaw Breaks Basic Security For Most Computers*, Wired Magazine (Jan. 3, 2018), https://www.wired.com/story/critical-intel-flaw-breaks-basic-security-for-most-computers/.

[7] *Id.*

Spectre breaks down the isolation between different use applications allowing an attacker to leak information between programs and thus steal information.[8]  Accordingly, the Processors, which contain both security flaws, put private information at risk, thus creating material security issues.

The scope of the security risk related to the speculative execution technology is breathtaking.  Some media outlets have reported that virtually every CPU manufactured in the last 10-20 years containing Intel Processors is detrimentally affected.[9]  As put bluntly by an FAQ section on one security site in response to the question "Am I affected by the vulnerability?": "Most certainly, yes."[10]

The defect and attendant security risks extend across personal computers, servers, cloud operating systems, and certain cellphones.[11]  As a result, numerous companies, including Amazon, Google, Apple, Microsoft, *and Intel itself* have, for months, been working on implementing and releasing "updates" meant to address the Defect and are in the process of publicly releasing those updates.[12]

As the *Register* article that broke the initial story stated, "crucially, these updates to both Linux and Windows will incur a performance hit on Intel products. The effects are still being benchmarked, however, we're looking at a ballpark figure of five to 30 percent slow down, depending on the task and the processor model."[13]

---

[8] *Id.*

[9] *Register* article, *supra*, n. 4.

[10] *See* www.spectreattack.com, a website assembled by the research team investigating the security flaws (last accessed Jan. 7, 2018).

[11] *Wired* article, *supra*, n. 6.

[12] *Id.*

[13] *Register* article, *supra*, n. 2.

In a statement responding to widespread media reports concerning the Defect, Intel largely tried to underplay the gravity of the problem, focusing on how "these exploits do not have the potential to corrupt, modify, or delete data," when no one claimed that they would—the concern is that the vulnerabilities create the ability to spy on confidential, sensitive data.[14]  In its statement, Intel also claimed that "many types of computing devices—with many different vendors' processors and operating systems—are susceptible to these exploits," specifically identifying competitors ARM and AMD processors.[15]  Importantly, by its statement, Intel *did not* deny the existence of the Defect or that security patches and/or updates will compromise performance and efficiency.

Intel's failure to remedy the Defect, as well as its misrepresentation of faster processor speeds (despite that the patch needed would slow down those processor speeds) has, to date, resulted in the filing of five separate class action lawsuits across the United States.  While the claims asserted differ slightly (but immaterially) from complaint to complaint, each Action names Intel as a defendant, alleges materially identical facts, and seeks certification of nationwide and/or statewide classes comprised of Processor purchasers.  Consistent with the Panel's course in recent technology-related litigation, Plaintiffs seek transfer of the Actions to the United States District Court for the Northern District of California, for coordinated or consolidated pretrial proceedings. All of the Actions filed against Intel contain common questions of fact.  Moreover, because Intel's actions have received a great deal of publicity and because Intel is addressing concerns via press

---

[14] *See* Intel Newsroom, *Intel Issues Updates to Protect Systems from Security Exploits* (Jan. 4, 2018), https://newsroom.intel.com/news-releases/intel-issues-updates-protect-systems-security-exploits/.

[15] Reports thus far indicate that "Meltdown" does not impact AMD processors.  *See* Peter Bright, *Meltdown and Spectre: Here's what Intel, Apple, Microsoft, others are doing about it*, ArsTechnica (Jan. 5, 2018), https://arstechnica.com/gadgets/2018/01/meltdown-and-spectre-heres-what-intel-apple-microsoft-others-are-doing-about-it/.

releases acknowledging the Defect,[16] a number of tag-along cases will almost certainly be filed in the near future.

## II. LEGAL STANDARD

Transfer is appropriate when actions pending in different judicial districts involve similar questions of fact such that coordinating or consolidating pretrial proceedings would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. In relevant part, Section 1407 provides as follows:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

*Id. See also In re Nifedipine*, 266 F. Supp. 2d 1382, 1382 (J.P.M.L. 2003).

## III. ARGUMENT

The Actions, and the many tag-along actions that will follow, are appropriate for Section 1407 transfer because they involve common issues and transfer will benefit the parties, witnesses, and courts. Further, given Intel's location in the Northern District of California and the fact that most witnesses will be located in that jurisdiction, transfer to that district is the most appropriate.

### A. Transfer Is Appropriate Under 28 U.S.C § 1407.

"The purpose of § 1407. . . is to eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions." *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-92 (J.P.M.L. 1968). Centralization is meant to "eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources

---

[16] *Id.*

of the parties, their counsel, and the judiciary." *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Products Liability Litigation*, 254 F. Supp. 3d 1381, 1382 (J.P.M.L. 2017).

Pretrial transfer under section 1407 is appropriate and necessary here. The Actions involve identical facts, the same defendant, and similar proposed classes. The number of cases grows by the day. Unless these cases are transferred for pretrial proceedings, the parties will incur excessive costs due to duplicative discovery, and will face the risk of inconsistent rulings on a variety of matters.

### 1. The Actions Involve Common Factual Issues.

Each of the constituent Actions will require adjudication of whether Intel violated state deceptive trade practice statutes, warranty laws, and tort laws in its manufacturing, marketing, and sale of Processors containing the speculative execution security flaw.

Moreover, a core fact in each of these cases is whether, as has been widely reported, the patch to fix the speculative execution security flaw will render Processors less powerful and less efficient than the speeds Intel claimed in its marketing and product information about the Processors widely disseminated during the time period relevant to these Actions. In other words, whether these Processors' performance will be compromised by implementing any of the patches or updates will be critical to adjudicating each of the constituent lawsuits in this proposed multidistrict litigation against Intel regarding the speculative execution security flaw.

This core fact is not the only fact common across all of the Actions. Transfer is further appropriate here because many other common questions exist, including:

- whether Intel's Processors possess the Defect and the nature of the Defect;

- whether Intel's statements concerning performance constitute actionable statements for purposes of deceptive trade practice or warranty claims;

- whether Intel violated the implied warranty of merchantability in selling Processors containing the Defect, which needs to be remedied by a patch reducing performance speeds;

- whether the "patches" or "updates" result in a breach of the implied warranties relating to the sale of Processors affected by the Defect;

- to the extent that any Defect cannot be cured by a "patch" or an "update," what is the appropriate relief to Plaintiffs and other members of the proposed classes;

- whether Intel violated deceptive trade practice statutes and other laws by marketing and selling Processors with the Defect, but failing to disclose the Defect; and

- Whether class certification is appropriate.

Adjudicating these and other common issues in a single transferee district will benefit the parties and witnesses and promote judicial efficiency by allowing a single court to coordinate the pretrial proceedings governing claims with these issues.

### 2. Transfer will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the Actions.

According to the Manual for Complex Litigation, the following four factors govern whether transfer will facilitate the convenience of the parties and promote the just and efficient conduct of the transferred cases:

1. The elimination of duplicative discovery;

2. The avoidance of conflicting rules and schedules;

3. The reduction of litigation cost; and

4. The conservation of the time and effort of the parties, attorneys, witnesses, and courts.

Manual for Complex Litigation (Fourth), § 20.131, at 219.

With five cases in five different Districts—and with those numbers about to materially increase—the size of this litigation weighs in favor of transfer.[17] Indeed, without transfer, this litigation, which addresses a serious security flaw contained within most of the computers currently operating in the United States, would create the needless and unnecessary expense of overlapping discovery (including expert discovery) and judicial inefficiency. Further, different federal courts would make duplicative rulings on the same issues, which could result in contradictory findings on significant pretrial disputes. Litigation of this scope and importance should not be beset with such inconsistencies and inefficiencies.

### a.    Transfer will Eliminate Duplicative Discovery.

Because each action is based upon the same facts, plaintiffs in each of the Actions are, in turn, likely to seek overlapping discovery. *See In re Auto Body Shop*, 2014 WL 3908000, at *1-2 (J.P.M.L. 2014) (noting that transfer was appropriate to eliminate duplicative discovery when the actions shared a common factual core). The Actions are also likely to involve complicated technical issues regarding computer code and CPU architecture that will most likely result in substantial expert discovery and *Daubert* briefing and hearings. That fact alone militates in favor of transfer. *See, e.g., In re Natrol, Inc. Glucosamine/Chondroitin*, 2014 WL 2616783, at *1 (J.P.M.L. 2014). Similarly, plaintiffs in each of the Actions are likely to seek to depose many of the same Intel witnesses, which again favors centralization. *See, e.g., In re Auto Body Shop*, 2014

---

[17] The Panel has previously transferred cases to form MDLs based upon a similar number of pending actions. *See, e.g., In re: Park W. Galleries, Inc., Mktg. & Sales Practices Litig.*, 645 F. Supp. 2d 1358, 1360 (J.P.M.L. 2009) (ordering transfer where three actions were pending in three districts); *In re: Optical Disk Drive Prod. Antitrust Litig.*, 701 F. Supp. 2d 1382 (JPML 2010) (ordering transfer of five cases pending in two total districts); *In re Wireless Telephone Replacement Protection Programs Litig.*, 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (granting transfer of three consumer protection cases); *In re Philadelphia Life Ins. Co. Sales Practices Litig.*, 149 F. Supp. 2d 937, 938 (J.P.M.L. 2001) (granting transfer of two deceptive insurance sales cases and finding that such transfer would promote the just and efficient conduct of the litigation).

WL 3908000, at *1 (transfer to a single judge was beneficial because he or she could "structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that common witnesses are not subjected to duplicative discovery demands"); *In re Enfamil Lipil*, 764 F. Supp. 2d 1356, 1357 (J.P.M.L. 2011) ("Centralizing the actions will allow for the efficient resolution of common issues and prevent unnecessary or duplicative pretrial burdens from being placed on the common parties and witnesses.").

Given the similarity of the Actions and the potential for duplicative discovery, transfer would inevitably conserve the parties' resources. *See, e.g., In re Air Crash at Dallas/Fort Worth Airport*, 623 F. Supp. 634, 635 (J.P.M.L. 1985). It would also conserve the courts' resources, as it would assign responsibility for overseeing a pretrial plan to one judge as opposed to many different federal judges. *See, e.g., In re PineIntel*, 342 F. Supp. 2d 1348, 1349 (J.P.M.L. 2004).

### b. Transfer will Avoid Conflicting Rules and Schedules.

The Panel considers the possibility of inconsistent rulings on pretrial issues because of the possible *res judicata* or collateral estoppel effects on other cases. *See In re Enron Securities Derivative & ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002) (granting a transfer in part to prevent inconsistent pretrial rulings, particularly with respect to questions of class certification).

Pretrial procedures will necessarily involve motions to dismiss, discovery motions, *Daubert* motions, and class certification motions. Conflicting rulings on these motions will cause unnecessary confusion and duplicative effort. Further, although only three district courts have cases now, given the sheer number of computers affected by the Defect, there will undoubtedly be many more materially similar cases filed across the United States.

Section 1407 transfer is the most efficient way to ensure that pretrial processes across all of these cases are uniformly litigated and adjudicated, thereby avoiding the situation where

multiple courts reach contrary conclusions and potentially subject litigants to conflicting responsibilities and obligations.

### c. Transfer will Reduce Litigation Costs and conserve the time and effort of the parties, attorneys, witnesses, and courts.

Each of the Actions, and the many tag-along actions soon to follow, will benefit from having a single transferee judge address and adjudicate issues related to discovery and pretrial motion practice. Otherwise courts and lawyers may be briefing the same issues in several different district courts, across several circuits, with conflicting laws, witnesses may be called to depositions in numerous cases, and third parties may be called to produce documents and witnesses in several different cases.

### B. The Northern District of California Is the Most Appropriate Transferee Forum.

The Panel can consider the nexus between the transferee forum and the parties to the litigation when resolving transfer requests under 28 U.S.C. § 1407. A significant "nexus" exists when a party who is common to all actions (*e.g.*, the sole defendant) is headquartered or has facilities that are located within the transferee court's jurisdiction, such that relevant witnesses and documentary evidence common to all the actions are likely to be found there. *See, e.g., In re Equifax, Inc.*, MDL No. 2800, 2017 WL 6031680, at *2 (J.P.M.L. Dec. 6, 2017) (transferring actions to the district where the main defendant is headquartered as "relevant documents and witnesses thus likely will be found there."); *In re Wells Fargo Auto Ins. Mktg. & Sales Practices Litig.*, MDL No. 2797, 2017 WL 4737285, at *1 (J.P.M.L. Oct. 19, 2017) ("it is alleged that key entities and individuals with direct responsibility for the alleged conduct in this litigation are located in [the transferee] district and, therefore, relevant documents and witnesses may be located there."); *In re Google Inc. St. View Elec. Commc'ns Litig.*, 733 F. Supp. 2d 1381, 1382 (J.P.M.L.

2010) (transferring cases to Northern District of California where "[t]he sole defendant, Google, is headquartered there, and most relevant documents and witnesses are likely located there."); *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, 381 F. Supp. 2d 1383, 1384 (J.P.M.L. 2005) ("relevant discovery will likely be found within this district, because Sears's corporate headquarters and many of its documents and witnesses are located there"); *St. Jude Med., Inc., Silzone Heart Valves Products Liab. Litig.*, MDL No. 1396, 2001 WL 36292052, at *2 (J.P.M.L. Apr. 18, 2001) (transferring litigation to district because "as the situs of the headquarters of the sole defendant in all actions, the district is likely to be a substantial source of witnesses and documents subject to discovery").

The Northern District of California is the most appropriate transferee district for this litigation. Intel is based there and the Panel regularly transfers cases to the district where the defendant is located. *See, e.g.*, *In re Equifax*, 2017 WL 6031680, at *2; *In re: Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices, & Prod. Liab. Litig.*, 732 F. Supp. 2d 1375, 1377 (J.P.M.L. 2010). Indeed, cases brought against technology companies based in Silicon Valley are often transferred to the Northern District of California given the availability of witnesses, and where other relevant discovery would be located. *See, e.g.*, *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 223 F. Supp. 3d 1353, 1354-55 (J.P.M.L. 2016); *In re: iPhone/iPad Application Consumer Privacy Litig.*, 802 F. Supp. 2d 1363, 1364 (J.P.M.L. 2011) ("since several defendants are headquartered in [the Northern District of California], including common defendant Apple, it is likely that relevant documents and witnesses will be found there."); *In re: Google Android Consumer Privacy Litig.*, 802 F. Supp. 2d 1372, 1373 (J.P.M.L. 2011) ("Common defendant Google is headquartered in the Northern District of California, where relevant documents and witnesses are located. Additionally, several non-party application developers, mobile advertising

companies and mobile analytic companies are also located in this district."); *In re: Apple iPhone 4 Prods. Liab. Litig.*, 746 F. Supp. 2d 1357, 1358 (J.P.M.L. 2010) (transferring actions to the Northern District of California, where Apple is headquartered); *In re Optical Disk Drive Prods. Antitrust Litig.*, 701 F. Supp. 2d 1382, 1383 (J.P.M.L. 2010) ("relevant documents and witnesses are possibly found there, inasmuch as three domestic defendants have their principal places of business in the Northern District of California."). Intel's headquarters is located in the Northern District of California, along with its engineering, design, research and development, software engineering, and sales and marketing departments.[18] The location of third-party witnesses— including the very researchers who uncovered the Defect and companies who are developing patches to resolve the Defect—favors transfer to the Northern District of California, since many of them are located in the area.[19] *See In re: Suboxone Antitrust Litig.*, 949 F. Supp. 2d 1365, 1366 (J.P.M.L. 2013) (consideration given to location of third-party witnesses in selecting a court for transfer of pending actions).

Finally, the Northern District of California has two of the first five cases filed, including the first-filed case, and the district has many judges who have exceptional records in handling technology-related MDLs. *See, e.g., In re Yahoo!*, No. 16-md-02752; *In re iPhone/iPad*

---

[18] *See* Intel in California, https://www.intel.com/content/www/us/en/corporate-responsibility/intel-in-california.html (last accessed Jan. 7, 2018); Want to Work at Intel?, https://www-ssl.intel.com/content/www/us/en/jobs/locations/united-states/sites/santa-clara.html (last accessed Jan. 7, 2018).

[19] Members of Google's Project Zero team uncovered the Defect. Project Zero is primarily based out of Mountain View, California. *See* Andy Greenberg, *Meet "Project Zero," Google's Secret Team of Bug-Hunting Hackers*, Wired (July 15, 2014), https://www.wired.com/2014/07/google-project-zero/. Mountain View is located within the Northern District of California. Additionally, along with Google, Apple, Inc. (Cupertino, California) and Advanced Micro Devices, Inc. (AMD) (Sunnyvale, California) are developing software patches and responses to the Defect and are located in the Northern District of California. Given the proximity to Silicon Valley and the computing expertise located in this jurisdiction, many of the expert witnesses likely to be called to testify will be pulled from this vast source of computing and technology expertise.

*Application*, No. 11-md-02250; *In re: Apple iPhone 4 Prods. Liab. Litig.*, No. 10-md-02188; *In re: Apple iPhone 3G Prods. Liab. Litig.*, No. 09-md-02045.

Transfer of the pending Actions to the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

## IV.    CONCLUSION

For the above-stated reasons, Movants respectfully request that the Panel transfer the Actions set forth on the attached Schedule and all subsequently filed tag-along cases for coordinated or consolidated pretrial proceedings in the United States District Court for the Northern District of California.

Dated:  January 8, 2018

Respectfully submitted,

/s/ *Adam J. Levitt*
Adam J. Levitt
Amy E. Keller
**DiCELLO LEVITT & CASEY LLC**
Ten North Dearborn Street, Eleventh Floor
Chicago, Illinois  60602
(312) 214-7900
alevitt@dlcfirm.com
akeller@dlcfirm.com

Jeffrey L. Fazio
Dina E. Micheletti
**FAZIO | MICHELETTI LLP**
2410 Camino Ramon, Suite 315
San Ramon, California  94583
(925) 543-2555
jlf@fazmiclaw.com
dem@fazmiclaw.com

/s/ *J. Gerard Stranch, IV*
J. Gerard Stranch, IV
Benjamin A. Gasten
**BRANSTETTER, STRANCH &
   JENNINGS, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee  37203
(615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

William J. Doyle II
Chris W. Cantrell
**DOYLE APC**
550 West B Street, 4th Floor
San Diego, California  92101
(619) 736-0000
bill@doyleapc.com
chris@doyleapc.com

Mark M. Abramowitz
**DiCELLO LEVITT & CASEY LLC**
7556 Mentor Avenue
Mentor, Ohio  44060
(440) 953-8888
mabramowitz@dlcfirm.com

W. Daniel "Dee" Miles, III
Leslie Pescia
**BEASLEY ALLEN CROW METHVIN
    PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, Alabama  36103
 (334) 269-2343
Dee.Miles@beasleyallen.com
Leslie.Pescia@beasleyallen.com

*Counsel for Richard Reis and
Zachary Finer*

James R. Hail
**LAW OFFICE OF JAMES R. HAIL**
1113 Bow Willow Trail
Chula Vista, California  91915
(610 213-2972
jim@haillawoffice.com

*Counsel for Plaintiffs Steven Garcia and
Anthony Stachowiak*

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **IN RE INTEL CORP. CPU** | ) | |
| **SALES PRACTICES AND** | ) | **MDL No.:** _____ |
| **PRODUCT LIABILITY LITIGATION** | ) | |

**SCHEDULE A**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:** Steven P. Garcia and Anthony Stachowiak<br><br>**Defendant:** Intel Corporation | N.D. California (San Jose) | 5:18-cv-00046-EJD | Hon. Edward J. Davila |
| **Plaintiffs:** Richard Reis and Zachary Finer<br><br>**Defendant:** Intel Corporation | N.D. California (San Jose) | 5:18-cv-00074-SVK | *Pending judicial assignment*<br><br>Magistrate Judge Susan van Keulen |
| **Plaintiffs:** Jason Jones<br><br>**Defendant:** Intel Corporation | S.D. Indiana (Indianapolis) | 1:18-00029-TWP-MPB | Hon. Tanya Walton Pratt |
| **Plaintiffs:** Wyatt Mann<br><br>**Defendant:** Intel Corporation | D. Oregon | 6:18-cv-00028-MC | Hon. Michael J. McShane |
| **Plaintiffs:** Jacob Stern<br><br>**Defendant:** Intel Corporation | E.D. New York (Brooklyn) | 1:18-cv-00065 | Hon. Colin Stirling Bruce |

# BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| **IN RE INTEL CORP. CPU** | ) | |
| **SALES PRACTICES AND** | ) | **MDL No.:** _____ |
| **PRODUCT LIABILITY LITIGATION** | ) | |

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that copies of the foregoing Motion for Transfer, Schedule of Actions and Certificate of Service were served on January 7, 2018 to the following:

**Clerk of Courts:**

Via First Class Mail:

Clerk of Court
**Northern District of California**
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Clerk of Court
**Southern District of Indiana**
Clerk's Office, Room 105
46 East Ohio Street
Indianapolis, IN 46204

Clerk of Court
**Eastern District of New York**
225 Cadman Plaza East
Brooklyn, NY 11201

Clerk of Court
**District of Oregon**
405 East Eighth Ave.
Eugene, OR 97401

**Garcia et al. v. Intel Corporation, N.D. California, C.A. No. 5:18-cv-00046**

Served via email:

**Benjamin Gastel**
Branstetter Stranch and Jennings PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
615-254-8801
Fax: 615-255-5419
Email: beng@bsjfirm.com

**Christopher W Cantrell**
Cantrell Law Firm
1330 Caminito Fabrizio, Suite 64
Chula Vista, CA 91915
619-597-6789
Email: chris@doyleapc.com

**J. Gerard Stranch, IV**
Branstetter Stranch & Jennings
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
615-254-8801
Fax: 615-250-3937
Email: gerards@bsjfirm.com

**William James Doyle, II**
Doyle APC
550 West B St.
4th Floor
San Diego, CA 92101
619-736-0000
Fax: 619-736-1111
Email: bill@doyleapc.com

**Reis, et al. v. Intel Corporation, N.D. California, C.A. No. 5:18-cv-00074**

Served via email:

**Adam J. Levitt**
DiCello Levitt & Casey LLC
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
312-214-7900
Fax: 440-953-9138
Email: alevitt@dlcfirm.com

**Jeffrey Louis Fazio**
Fazio | Micheletti LLP
2410 Camino Ramon
Suite 315
San Ramon, CA 94583
925-543-2555
Fax: 925-369-0344
Email: jlf@fazmiclaw.com

**Amy Keller**
DiCello Levitt & Casey LLC
Ten North Dearborn Street
Eleventh Floor
Chicago, Illinois 60602
312-214-7900
Fax: 440-953-9138
Email: akeller@dlcfirm.com

**Dina E. Micheletti**
Fazio | Micheletti LLP
2410 Camino Ramon
Suite 315
San Ramon, CA 94583
925-543-2555
Fax: 925-369-0344
Email: dem@fazmiclaw.com

**Mark Abramowitz**
DiCello Levitt & Casey LLC
7556 Mentor Ave.
Mentor, Ohio 44060
440-953-8888
Fax: 440-953-9138
Email: mabramowitz@dlcfirm.com

**W. Daniel "Dee" Miles, III**
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36103
334-269-2343
Dee.Miles@beasleyallen.com

**Leslie Pescia**
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, Alabama 36103
334-269-2343
Leslie.Pescia@beasleyallen.com

**Jones v. Intel Corporation, S. D. Indiana, C.A. No. 1:18-cv-00029**

Served via email:

**Irwin B. Levin**
COHEN & MALAD LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
(317) 636-6481
Fax: (317) 636-2593
Email: ilevin@cohenandmalad.com

**Lynn A. Toops**
COHEN & MALAD LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
(317) 636-6481
Fax: (317) 636-2593
Email: ltoops@cohenandmalad.com

**Richard E. Shevitz**
COHEN & MALAD LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
(317) 636-6481
Fax: (317) 636-2593
Email: rshevitz@cohenandmalad.com

**Vess Allen Miller**
COHEN & MALAD LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
(317) 636-6481
Fax: (317) 636-2593
Email: vmiller@cohenandmalad.com

**Mann v. Intel Corporation, District of Oregon, C.A. No. 6:18-cv-00028**

Served via email:

**Michael R. Fuller**
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, OR 97204
503-201-4570
Fax: 503-362-1375
Email: Michael@UnderdogLawyer.com

**Kelly D. Jones**
Kelly D. Jones, Attorney at Law
819 SE Morrison St.
Suite 255
Portland, OR 97214
503-847-4329
Fax: 503-715-0524
Email: kellydonovanjones@gmail.com

**Robert Le**
Robert Le, Attorney PC
5895 Jean Road
Suite 110
Lake Oswego, OR 97035
503-734-2099
Fax: 503-527-9501
Email: rl@robertlelaw.com

**Stern v. Intel Corporation, E.D. New York, C.A. No. 1:18-cv-00065**

Served via email:

**Israel Klein**
Imbesi Law PC
450 7th Avenue, Suite 1408
New York, NY 10123
646-767-2265
Fax: 718-438-2090
Email: israel@lawicm.com


**As for Defendant Intel Corporation**

Via First Class Mail:

INTEL CORPORATION
Service Agent for Service of Process:
CT Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

# EXHIBIT 2

# EXHIBIT 2

## LIST OF PUTATIVE CLASS ACTION SUITS

| |
|---|
| Garcia v. Intel Corp., 5:18-cv-46 (N.D. Cal.) |
| Mann v. Intel Corp., 6:18-cv-28 (D. Or.) |
| Jones v. Intel Corp., 1:18-cv-29 (S.D. Ind.) |
| Reis v. Intel Corp., 3:18-cv-74 (N.D. Cal.) |
| Stern v. Intel Corp., 1:18-cv-65 (E.D.N.Y.) |
| Murphy v. Intel Corp., 2:18-cv-2009 (C.D. Ill.) |
| Rinn v. Intel Corp., 5:18-cv-111 (N.D. Cal.) |
| West v. Intel Corp., 5:18-cv-146 (N.D. Cal.) |
| Bahcevan v. Intel Corp., 5:18-cv-187 (N.D. Cal.) |
| Rosenberg v. Intel Corp., 1:18-cv-147 (E.D.N.Y.) |
| Jones v. Intel Corp., 5:18-cv-105 (N.D. Cal.) |
| Dean v. Intel Corp., 3:18-cv-210 (N.D. Cal.) |
| Lee v. Intel Corp., 5:18-cv-235 (N.D. Cal.) |
| Zog, Inc. v. Intel Corp., 3:18-cv-298 (N.D. Cal.) |
| Robbins v. Intel Corp., 1:18-cv-540 (D.N.J.) |
| Pascarella v. Intel Corp., 5:18-cv-352 (N.D. Cal.) |
| Storey v. Intel Corp., 1:18-cv-51 (D.N.M.) |
| Mechri v. Intel Corp., 5:18-cv-379 (N.D. Cal.) |
| Bernstein v. Intel Corp., 1:18-cv-526 (E.D.N.Y.) |
| United Food and Commercial Workers International Union Local 1500 v. Intel Corp., 1:18-cv-574 (E.D.N.Y.) |
| Sterling v. Intel Corp., 5:18-cv-580 (N.D. Cal.) |

| |
|---|
| Young v. Intel Corp., 5:18-cv-633 (N.D. Cal.) |
| Gilman v. Intel Corp., 3:18-cv-193 (D. Or.) |
| Kintz v. Intel Corp., 3:18-cv-211 (D. Or.) |
| Park v. Intel Corp., 5:18-cv-742 (N.D. Cal.) |
| Ferrer v. Intel Corp., 5:18-cv-799 (N.D. Cal.) |
| ANECA Federal Credit Union v. Intel Corp., 3:18-cv-258 (D. Or.) |
| City of Providence v. Intel Corp., 5:18-cv-894 (N.D. Cal.) |
| Artesia General Hospital v. Intel Corp., 5:18-cv-1216 (N.D. Cal.) |
| Phillips v. Intel Corp., 3:18-cv-389 (D. Or.) |
| West v. Intel Corp., 3:18-cv-357 (N.D. Al.) |
| Fooshee, et al. v. Intel Corp., 5:18-cv-1461 (N.D. Cal.) |
| Henderson, et al. v. Intel Corp., 3:18-cv-413 (D. Or.) |
| Unravel the Gavel, Inc. v. Intel Corp., 3:18-cv-448 (D. Or.) |
| East v. Intel Corp., 5:18-cv-1733 (N.D. Cal) |
| City of New Castle v. Intel Corp., 3:18-cv-489 (D. Or.) |
| Key v. Intel Corp., 3:18-cv-534 (D. Or.) |